# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 11-6032

_____

| | |
|---|---|
| In re: | * |
| | * |
| Jeffrey Lewis White, | * |
| | * |
| Debtor. | * |
| | * |
| Jeffrey Lewis White, | *  Appeal from the United States |
| | *  Bankruptcy Court for the Eastern |
| Debtor - Appellant, | *  District of Arkansas |
| | * |
| v. | * |
| | * |
| Commercial Bank and Trust Company, | * |
| | * |
| Creditor - Appellee. | * |
| | * |

_____

No. 11-6033

_____

| | |
|---|---|
| In re: | * |
| | * |
| Jennifer Gay White, doing business | * |
| as The Prairie Land Co., LLC, | * |
| | * |
| Debtor. | * |
| | * |
| Jennifer Gay White, | *  Appeal from the United States |
| | *  Bankruptcy Court for the Eastern |
| Debtor - Appellant, | *  District of Arkansas |

|  |  |
|---|---|
| v. | * |
|  | * |
|  | * |
| Commercial Bank and Trust Company, | * |
|  | * |
| Creditor - Appellee. | * |

Submitted: September 29, 2011
Filed: November 16, 2011

———

Before KRESSEL, Chief Judge, SCHERMER and SALADINO, Bankruptcy Judges.

———

KRESSEL, Chief Judge.

     The appellants in these consolidated appeals are debtors in their respective chapter 7 cases. Commercial Bank objected to the debtors' homestead exemption claims and moved for relief from the automatic stay. The debtors then moved to avoid Commercial Bank's judicial liens. The bankruptcy court consolidated all of the motions and all three parties moved for summary judgment. The bankruptcy court overruled Commercial Bank's objection to the debtors' exemption, denied the debtors' motions to avoid Commercial Bank's judicial liens and granted Commercial Bank relief from the automatic stay to allow it to foreclose its judicial liens. The debtors have both appealed. We have consolidated their appeals and reverse.

Standard of Review

We review a bankruptcy court's grant of summary judgment *de novo*, *Mwesigwa v. DAP, Inc.*, 637 F.3d 884, 887 (8th Cir. 2011) (citing *Anderson v. Durham D & M, L.L.C.*, 606 F.3d 513, 518 (8th Cir. 2010)).

Background

The debtors acquired the property which is the subject of this appeal on April 27, 1991, while they were still married. They originally purchased approximately 220 acres of land near Wilmar, Arkansas. Later, they sold some of the property and retained approximately 160 acres, using the proceeds from the sale of the other portion to pay the original debt for acquiring the property. As a result, they owned the 160 acres near Wilmar free of any encumbrances.

Between June 2004 and August 2007, the debtors borrowed money from Commercial Bank approximately eight times and granted it security interests in personal property and mortgages on real property, other than the Wilmar property. The debtors defaulted on those notes and the bank foreclosed its liens. The foreclosures resulted in a deficiency judgment against the debtors in the amount of approximately $161,000.00. Pursuant to ARK. CODE ANN. § 16-65-117(a)(1)(A), the resulting money judgment became a lien on the debtors' jointly held Wilmar property.

On December 17, 2009, the bank started an action to foreclose its judgment lien on the Wilmar property in an attempt to satisfy its remaining debt. On June 29, 2010, the debtors divorced. As part of a settlement leading up to the divorce, the parties agreed to divide the Wilmar property. To implement the agreement and the resulting divorce decree, the debtors executed reciprocal quit claim deeds dividing the property and giving each of the debtors an undivided interest in one half of the Wilmar

3

property. The state court proceeded with the foreclosure action and on August 4, 2010, ordered a foreclosure sale of the Wilmar property for September 14, 2010. Before the sale could occur, both debtors filed bankruptcy petitions.

In their separate cases, the debtors each claimed a homestead exemption of 80 acres in their respective halves of the Wilmar property.

## Bankruptcy Court Proceedings

Shortly after the debtors commenced their cases, Commercial Bank made motions in both cases for relief from the automatic stay and objecting to the debtors' claims to their homestead exemptions. In response, the debtors each filed a motion to avoid Commercial Bank's judgment lien. With the parties' agreement, the bankruptcy court consolidated Commercial Bank's and the debtors' motions into one hearing. The parties also agreed that there were no issues of material fact and that all of the motions could be decided on summary judgment. All of the parties made such motions. The bankruptcy court held a hearing and on April 29, 2011, the bankruptcy court issued its opinion in which it overruled Commercial Bank's objection to the debtors' homestead exemption claim, denied the debtors' motions to avoid Commercial Bank's judicial lien, and granted Commercial Bank relief from the automatic stay. Both debtors appealed and the bankruptcy court granted the debtors a stay pending appeal.

## Discussion

### Exemption

While Commercial Bank originally objected to the debtors' exemption claims on a number of grounds, by the time of the summary judgment motion, it limited its argument to one: that the debtors were not entitled to claim an exemption because

Commercial Bank's lien was unavoidable. However, as the bankruptcy court noted, that objection begs the question: in the context of a judicial lien avoidance, the first question is whether or not a debtor would be entitled to the exemption *in the absence of the judicial lien?* Pursuant to ARK. CODE ANN. § 16-66-210(c)(1)(2010), a rural homestead "shall consist of no more than one hundred sixty (160) acres of land . . . . The homestead shall not exceed in value the sum of two thousand five hundred dollars ($2,500.00), but, in no event shall the homestead be reduced to less than eighty (80) acres, without regard to value." In other words, if a rural homestead exceeds $2,500.00 in value, the debtor may still claim a homestead exemption if the property does not exceed 80 acres in size. *United States v. Fincher*, 593 F.3d 702, 706 (8th Cir. 2010). The bankruptcy court held that each of the debtors met the statutory requirements for claiming a homestead exemption under Arkansas law. Commercial Bank did not appeal from the bankruptcy court's decision nor does it challenge that holding on appeal.

## Lien Avoidance

Clearly the crux of this appeal is the debtors' motions to avoid Commercial Bank's judicial liens. The debtors made their motions under § 522(f)(1)(A) of the Bankruptcy Code which provides in relevant part:

> . . . . The debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to the which the debtor would have been entitled . . . if such lien is – . . . a judicial lien . . . .

11 U.S.C. § 522(f)(1).

A judicial lien is a lien obtained by a judgment. 11 U.S.C. § 101(36). Clearly, Commercial Bank's lien is a judicial lien. To determine the avoidability of a judicial lien, a bankruptcy court should ask not whether the lien impairs an exemption to

5

which the debtor is in fact entitled, but whether it impairs an exemption to which the debtor would have been entitled under applicable law but for the lien itself. *Owen v. Owen*, 500 U.S. 305, 310 (1991). Since both debtors' property would be totally exempt in the absence of Commercial Bank's liens, it follows that the bank's lien impairs the debtors' exemption and is therefore avoidable.

The Supreme Court in *Owen* also recognized that lien avoidance could not occur without a determination of whether there was a "fixing of a lien on an interest of the debtor." *Id.* at 314. On the same date that the United States Supreme Court decided *Owen*, it also decided another case involving lien avoidance--*Farrey v. Sanderfoot*, 500 U.S. 291 (1991). *Farrey* stands for the proposition that "522(f)(1) of the Bankruptcy Code requires a debtor to have possessed an interest to which a lien attached, before it attached, to avoid the fixing of the lien on that interest. *Id.* at 301

The debtors acquired the property as tenants in common in 1991 and Commercial Bank's judgment lien "fixed" on January 22, 2009, when the first foreclosure judgment was entered. After the judgment lien attached, the ownership interests in the property changed when the debtors divorced and exchanged quit claim deeds. Commercial Bank argued, and the bankruptcy court held, that the divorce automatically dissolved the tenancy by the entireties and created a new property interest in the nature of a tenancy in common, which was further changed by the exchange of quitclaim deeds. Therefore, the bankruptcy court held that debtors may not avoid the lien since the lien "fixed" prior to the debtors acquiring their current interests in the property.

Under Arkansas law, the lien fixed to the property when Commercial Bank's judgment was entered. ARK. CODE ANN. § 16-65-117(a)(1)(A). Commercial Bank's lien remained on the property throughout the divorce proceedings and continued after the deeds that separated the property and created separate fee interests of the debtors. As the bankruptcy court noted, there is a presumption under Arkansas

law that a tenancy by the entirety is dissolved upon entry of a divorce decree and that the parties are to be treated as tenants in common in the division of the property. (ARK. CODE ANN. § 9-12-317(a)). The bankruptcy court seems to have treated the dissolution of the tenancy by the entireties as a termination of *any* ownership rights of the debtors since it held that the lien fixed before the debtors acquired their current interests as tenants in common. But the dissolution of the entireties interest did not create a break in the chain of title; instead, it merely acted as a change of the manner by which debtors held title to the property. The debtors held ownership interests in their respective portions of the property the entire time–in the divorce settlement, they simply divided it between them. The lien attached at a time the debtors each had an interest in the real estate and has remained fixed since that time.

As the Supreme Court said:

> Under the Code, however, the question is whether the lien impairs an "exemption to which the debtor would have been entitled under subsection (b)," and under subsection (b), exempt property is determined "on the date of the filing of the petition," not when the lien fixed. 11 U.S.C. §§ 522(f)(b)(2)(A). We follow the language of the Code.

Owen v. Owen, 500 U.S. 305 (1991) (note 6).

Since Commercial Bank's lien on each of the debtor's property now impairs the exemption to which each of them would be entitled, each of them is entitled to avoid the fixing of the judicial lien.

Commercial Bank relies extensively on the Supreme Court's opinion in *Farrey v. Sanderfoot*, 500 U.S. 291 (1991). We think that reliance is misplaced. In *Farrey*, the debtor and the judicial lien creditor were former spouses. Prior to the divorce,

Farrey and Sanderfoot owned various sorts of property and under Wisconsin law, that property was to be divided equally in the divorce. As part of that division, Sanderfoot was ordered to pay Farrey $29,208.44. The obligation was secured by a lien granted by the court's judgment. The Supreme Court held that that judgment and resulting judicial lien, merely substituted one interest for another. That is to say that before the judgment was entered, Farrey had an interest in the real estate as a matter of Wisconsin law which was transformed into a judicial lien by the divorce decree. So, both before and after the entry of the divorce decree, Farrey had an interest in the property; but the form of that interest changed and became a judicial lien. In effect, the Supreme Court held that because of this transmogrification of Farrey's interest, whatever interest the judicial lien attached to, it was a interest already held by Farrey, not by Sanderfoot. Thus, her lien did not fix on an interest in property that he would otherwise had been entitled to claim as exempt.

Those facts are very different from the facts in these cases. Both debtors had an interest in property when the judgment was entered. Before the fixing of the judicial lien, Commercial Bank had no interest in the debtors' property. Its lien, therefore, fixed to the debtors' interest in property. Since the bankruptcy court held that each of the debtors was entitled to a homestead exemption in his or her separate piece of property, Commercial Bank's lien now impairs both of those exemptions. Thus, they are both entitled to avoid the fixing of the lien.

## Relief From The Automatic Stay

Lastly, the bankruptcy court granted Commercial Bank relief from the automatic stay to foreclose the liens which it held to be unavoidable. Since we are reversing the decision regarding the avoidance of the lien, that would ordinarily lead to reversal of that portion of the order granting Commercial Bank relief from the automatic stay. However, as Commercial Bank pointed out in its brief, because the underlying property is exempt and thus no longer property of the estate and the

debtors have received their discharges, none of the provisions of the automatic stay are applicable, 11 U.S.C. § 362(c), rendering the appeal from that portion of the bankruptcy court's order moot.

## Conclusion

Because we hold that Commercial Bank's judicial liens are avoidable, we reverse the bankruptcy court's decision to deny the debtors' motion to avoid its liens. Because the bankruptcy court's order granting relief from the automatic stay is moot, we dismiss the appeal as to that part of the bankruptcy court's order.

---